Opinion filed July 12, 2012



## In The

# Eleventh Court of Appeals

_____

## No. 11-10-00186-CV

_____

## EDDIE E. GODFREY ET AL., Appellants

## V.

## CHESAPEAKE EXPLORATION, L.L.C. ET AL., Appellees

**On Appeal from the 413th District Court**

**Johnson County, Texas**

**Trial Court Cause No. C2005 00551**

### M E M O R A N D U M   O P I N I O N

This appeal involves the construction of an oil and gas lease and three documents involving pooling under that lease. The issue is whether the lease has terminated as to 84.07 acres or whether that acreage remains bound by the lease pursuant to the pooling designations. Alleging that the lease had terminated as to the disputed acreage, the lessors: Eddie E. Godfrey, individually, and Eddie E. Godfrey and Jay Ranley Godfrey, co-trustees of the Emmitt I. Godfrey Marital Trust (Godfrey), sued various defendants. Appellees[1] were the only defendants

---

[1]Appellees are Chesapeake Exploration, L.L.C.; Chesapeake Energy Corporation; TLW Investments, Inc.; Chesapeake Investments, L.P.; Chesapeake Sigma, L.P.; Chesapeake Energy Marketing, Inc.; and EnCana Oil & Gas (USA) Inc.

remaining in the suit at the time of the trial court's judgment. By agreement of the parties, the trial court conducted "a trial on stipulated facts" to resolve the issues relating to the expiration of the lease. The trial court determined that the lease remained in full force and effect and that the pooled units were properly created under the terms of the lease. The trial court subsequently held a bench trial, found that the disputed acreage had not been pooled in bad faith, and entered a final take-nothing judgment against Godfrey. In a single issue on appeal, Godfrey asserts that the lease has expired as to the disputed 84.07 acres and that the trial court erred in concluding as a matter of law that the Kasal-Godfrey Unit, which includes the disputed acreage, was properly formed. We affirm.

The relevant facts from the parties' agreed stipulation of facts and the exhibits attached thereto show that Godfrey and the original lessees entered into an oil and gas lease in 1997. The primary term of the lease, with extensions, expired on October 17, 2004. The lease contained provisions for partial termination—terminating as to any acreage that was not allocated to a well in connection with the formation of a unit under the lease. Godfrey retained all surface rights, denying ingress and egress to the lessee, but Godfrey bestowed upon the lessee the right to drill and operate subsurface directional wells. Thus, pooling was required under the terms of the lease. The lease provided that "the leased premises are to be utilized solely for pooling purposes." With respect to pooling, the lease provided that, to exercise its pooling rights, the lessee must "file of record a written declaration describing the unit and stating the effective date of pooling." The lease further provided:

> Pooling in one or more instances shall not exhaust Lessee's pooling rights hereunder, and Lessees shall have the recurring right but not the obligation to revise any unit formed hereunder by expansion or contraction or both, either before or after commencement of production . . . . To revise a unit hereunder, Lessee shall file of record a written declaration describing the revised unit and stating the effective date of revision.

A Designation of Pooled Unit (DPU) creating the Abbott Unit was executed prior to the expiration of the primary term of the Godfrey lease and, on October 1, 2004, was filed for record in the county clerk's office. The Abbott DPU, with a stated effective date of September 28, 2004, pooled all of the 269.184 acres that were subject to the Godfrey lease with 52.71 acres adjacent to and generally south of the Godfrey lease. Operations on the Abbott Unit were promptly commenced and continued until a horizontal gas well began producing in paying quantities on February 11, 2005.

The second DPU at issue in this case created the Kasal-Godfrey Unit; it was executed on March 1, 2005, had a stated effective date of February 23, 2005, and was filed for record on March 10, 2005. The Kasal-Godfrey DPU purported to create a pooled unit consisting of 84.07 acres of the Godfrey lease and 84.07 acres of adjacent property to the north of the Godfrey lease. Operations on the Kasal-Godfrey Unit were promptly commenced and continued until a horizontal gas well began producing in paying quantities on June 17, 2005.

The third DPU, an amended DPU for the Abbott Unit, was executed on March 11, 2005, and filed for record on March 21, 2005. The amended Abbott DPU removed from the Abbott Unit the 84.07 acres of the Godfrey lease that had been included in the Kasal-Godfrey Unit by the Kasal-Godfrey DPU. Like the original Abbott DPU, the amended Abbott DPU had a stated effective date of "September 28, 2004."

Godfrey's argument centers on the effective date of the amended Abbott DPU. Godfrey argues that, because the amended DPU had a retroactive effective date of September 28, 2004, the 84.07 acres were not included in the Abbott Unit when the primary term of the lease expired on October 17, 2004. Godfrey argues that the lease had, therefore, terminated as to the 84.07 acres prior to the execution and filing of the Kasal-Godfrey DPU. We cannot agree with Godfrey's contention.

An oil and gas lease is a contract, and its terms are interpreted as such. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex. 2005). The construction of an unambiguous lease is a question of law for the court, whose primary duty is to ascertain the parties' intent as expressed within the lease's four corners. *Anadarko Petroleum Corp. v. Thompson*, 94 S.W.3d 550, 554 (Tex. 2002); *Luckel v. White*, 819 S.W.2d 459, 461 (Tex. 1991). Although the lease at issue in this case provides that the lessee shall file of record a designation stating the effective date of the pooling or of the revision, the lease contains no provision authorizing the effective date of any such designation to be retroactive.

The amended Abbott DPU cannot be read to retroactively remove the 84.07 acres from the Kasal-Godfrey Unit, nor can the stated effective date of the amended Abbott DPU change history. On the actual date of October 17, 2004, the Godfrey lease, including the 84.07 acres, was held in effect by the Abbott Unit pursuant to the original Abbott DPU. Later, but prior to the execution and filing of the amended Abbott DPU, the 84.07 acres were pooled into the Kasal-Godfrey Unit pursuant to the Kasal-Godfrey DPU. The trial court did not err in construing the

3

lease or the DPUs, in concluding that the lease did not terminate as to the 84.07 acres on October 17, 2004, or in concluding that the lease remains in full force and effect. Godfrey's sole issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


July 12, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.